[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED NOVEMBER 15, 1996
The plaintiffs seek damages arising out of a tubal ligation procedure that allegedly failed to prevent a subsequent pregnancy. Because the plaintiff Sharon Henderson sought damages for emotional distress and named a psychiatrist as an expert witness with regard to this claim, the defendant requested an independent medical examination by a psychiatrist. Peter Zeman, M.D. Following oral argument, this court issued a memorandum of decision dated September 23, 1994, granting the examination pursuant to Practice Book Sec. 229 but setting certain conditions with regard to scope and duration. In doing so, this court was guided by a decision in a similar case, Carla Woodcock v. JournalPublishing, Inc. 7 CONN. L. RPTR. No. 3, 85 (August 10, 1992) (McWeeny, J.).
The defendant subsequently moved that this court reconsider its decision, and in support thereof introduced, inter alia, an affidavit from Dr. Zeman. The affidavit indicated that Dr. Zeman was also the psychiatrist involved in Woodcock, supra, and that following the court's decision there, the parties had agreed among themselves to a psychiatric examination that was broader in scope than that ordered by Judge McWeeny. Based on this subsequent unpublished history of Woodcock as well as various citations from the psychiatric literature, the defendant sought an examination of at least two hours duration, broad-based in nature, to be conducted out of the presence of the plaintiffs' attorney.
Having granted reconsideration and having heard the arguments of the parties at short calendar, the court was persuaded that an examination somewhat broader in scope than originally ordered was appropriate, and it therefore ordered:
1. that the plaintiff submit to a psychiatric examination by Dr. Zeman not to exceed two hours in length;
2. that the plaintiffs' attorney be permitted to observe the interview unseen from behind a "two-way" mirror, and that the defendant's attorney, if he wishes, be permitted to join the plaintiffs' attorney in this observation;
3. that the plaintiff's attorney be permitted to effect an audio tape recording of the interview or to arrange for a stenographer to take a transcript of the interview. said recorder or stenographer to be located in a position outside of the interview room; CT Page 10166
4. that the subject matter of the interview be related to the plaintiff's claim of mental or emotional distress or anguish: and
5. that in the event that Dr. Zeman finds the interview thus ordered insufficient to complete his evaluation, the defendant may, after the interview has been completed, return to this court and, on the basis of a particularized showing, request the court to order a further examination.
With respect to the scope and duration of the examination, the court found impressive Dr. Zeman's reference to Kaplan and Sadock, Comprehensive Textbook of psychiatry, 5th Ed. (1989). Nevertheless, although the logic of Kaplan and Sadock's treatise would tend to suggest a larger number of interviews, the court chose to balance this ideal interview scenario with the fact that this is an examination not of the plaintiffs' choosing and conducted not for treatment but of a defense to a legal action. Thus, although the court agrees — that the interview which it originally authorized for this purpose was insufficient, it will continue to place firm limits on the degree to which the defendant, through its agents, can intrude on the plaintiff's privacy.
As to the presence of the plaintiffs' attorney in the interview room, the court agrees with Dr. Zeman that such presence is "inherently intrusive and disruptive" and that an alternative method of protecting the plaintiff's rights without undermining the interview must be found. Dr. Zeman himself suggested the presence of "a neutral third party, who would remain silent and take no part in the evaluation process," but after hearing arguments, the court felt that the better procedure was to permit the plaintiffs' attorney to observe the procedure from a vantage point where he could not be seen or heard and where there would thus be no risk of intrusion or disruption. Plaintiffs' attorney represented that under these circumstances, he had no objection to defendant's attorney joining him to observe the proceedings.
Finally, the court agrees that any improprieties or irregularities in the interview procedure are best preserved by permitting an audio tape and/or stenographic record of the interview to be taken at the plaintiffs' expense.
Although the above order was entered on the record at the CT Page 10167 time of short calendar argument, the court felt that it was appropriate to reduce it and its reasoning to writing so that future courts, tempted to rely either on Woodcock or on the initial decision in the instant case [12 CONN. L. RPTR. 482], would have the benefit of subsequent history in rendering their decisions.
SILBERT, J.